**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott C Goodwin,<br><br>    Plaintiff,<br><br>v.<br><br>Unum Group, et al.,<br><br>    Defendants. | No. CV-23-01546-PHX-SMB<br><br>**ORDER** |

Before the Court is Plaintiff Scott C. Goodwin's ("Goodwin") Motion for Partial Summary Judgment (Doc. 104). Defendant Unum Group ("Unum") filed a Response (Doc. 114), and Goodwin filed a Reply (Doc. 126 (sealed)). Unum also filed a Motion to Strike Goodwin's Reply (Doc. 131). After reviewing the briefing and the relevant case law, the Court will deny Goodwin's Motion for Partial Summary Judgment and deny as moot Unum's Motion to Strike.

**I.    BACKGROUND**

Goodwin is a medical doctor who purchased an own-occupation individual disability insurance policy (the "Policy") from Defendant Provident Life and Accident Insurance Company ("Provident") in 1989. (Doc. 105 ¶ 1.) Over the years, Provident became a wholly owned subsidiary of Unum and now does business under that name. (*Id.* ¶ 2.) Though Unum and Provident remain separate entities, Unum is responsible for all claims-handling activities on Provident polices. (*Id.* ¶ 3; Doc. 115 ¶ 3.)

Goodwin's Policy entitles him to lifetime benefits if a disability is caused or

contributed to by "Injuries" rather than "Sickness." (Doc. 105 ¶ 4.) In February 2022, Goodwin was injured "while doing a long interventional Radiology case at the VA," and proceeded to submit a claim to Unum for disability benefits. (*Id.* ¶¶ 6–7; Doc. 105-1 at 23.) When Unum evaluated the claim, it applied California's disability standard because Goodwin purchased his Policy in California. (Doc. 105 ¶ 5.)

On June 20, 2022, Unum approved Goodwin's claim for individual disability benefits from February 5, 2022 to May 27, 2022. (*Id.* ¶ 8.) Then, on June 23, 2022, Unum terminated Goodwin's benefits and denied his claim beyond May 27, 2022. (*Id.* ¶ 9.) Unum seemingly relied on the opinions of several physicians to terminate Goodwin's claim. (Doc. 105-1 70–85; Doc. 114-8; Doc. 114-9; Doc. 114-10; Doc. 114-11; Doc. 114-12; Doc. 115 ¶¶ 26–31; *but see* Doc. 105 ¶ 10 ("Unum based its decision . . . on paper-only file reviews by an in-house physician . . . and an external file review physician Dr. Howard Grattan.").) Goodwin appealed Unum's termination decision, and Unum upheld its denial in a letter dated February 3, 2023. (Doc. 105 ¶ 11.) Consequently, Goodwin filed suit against Unum, asserting breach of contract, bad faith, and punitive damages. (*Id.* ¶ 12.)

On April 24, 2024, Goodwin's counsel deposed Dr. Howard Grattan, a "Designated Medical Officer," whose opinions formed a basis of Unum's adverse claims decision. (*Id.* ¶ 13; 105-1 at 42–44, 49–50, 72–85.)[1] During his deposition, Dr. Grattan agreed that Goodwin's injury prevented him from doing his job if the duties included "multi-hour procedures." (*See* Doc. 105-1 at 81–84.) Goodwin's occupation required him to do, among other things, multi-hour interventional radiology procedures. (Doc. 105 ¶ 18.)[2]

---

[1] A Designated Medical Officer is employed to review claims when Unum's in-house physicians and claimant's attending physician disagree. (Doc. 105 ¶ 13; Doc. 105-1 at 87–88.) If the Designated Medical Officer disagrees with Unum's in-house physician and agrees with the claimant's attending physician, the claim must be approved. (Doc. 105-1 at 87–88.)

[2] Unum disputes this fact by pointing to an excerpt of Goodwin's deposition testimony where he states that he would not do certain procedures like "stroke[s]" or "intracranial aneurysm embolization" because "none of us were properly trained or experienced to do that work." (Doc. 114-25 at 3–4.) Further, Goodwin testified that he would turn down certain procedures because he "was just beginning to learn" them. (*Id.* at 4.) It is unclear how Goodwin turning down procedures that he believed he was unqualified to perform refutes the fact that he otherwise could not perform multi-hour interventional radiology

After Dr. Grattan's deposition, Goodwin demanded that Unum reinstate his claim and pay all past-due benefits with interest. (*Id.* ¶ 20; Doc. 105-1 at 102; Doc. 115 ¶ 20.) Goodwin also demanded that Unum approve him for lifetime disability benefits under the Policy's "Injuries" provision. (Doc. 105-1 at 102.) In response, Unum confirmed Goodwin's disability, notified him that it was "reopening [his] claim under the Injuries provision," and stated it would pay the claim with interest. (Doc. 105 ¶ 22; Doc. 105-1 at 107, 110, 112; Doc. 115 ¶ 34.) On May 10, 2024, Unum paid Goodwin $308,616 in back benefits and $27,696.31 in interest. (Doc. 115 ¶ 35; Doc. 105-1 at 110.) Additionally, Unum told Goodwin that "[o]ngoing benefits will be considered monthly, in arrears." (Doc. 115 ¶ 34; Doc. 105-1 at 107.) Now, Goodwin moves for partial summary judgment on his breach of contract claim. (Doc. 104.)

## II.     LEGAL STANDARD

Summary judgment is appropriate in circumstances where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of a case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual disputes are genuine when the evidence could allow a reasonable jury to find in favor of the nonmoving party. *Id.* "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by "showing that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). Additionally, the Court may enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must draw all reasonable

---

procedures.

1  inferences in the nonmovant's favor. *Anderson*, 477 U.S. at 255. Additionally, the Court
2  does not make credibility determinations or weigh the evidence. *Id.* at 253. The
3  determination of whether a given factual dispute requires submission to a jury is guided by
4  the substantive evidentiary standards that apply to the case. *Id.* at 255.

5        The burden initially falls with the movant to demonstrate the basis for a motion for
6  summary judgment, and "identifying those portions of [the record] which it believes
7  demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S.
8  at 323. If this initial burden is not met, the nonmovant does not need to produce anything
9  even if they would have the ultimate burden of persuasion at trial. *Nissan Fire & Marine*
10 *Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). However, if the initial
11 burden is met by the movant, then the nonmovant has a burden to establish that there is a
12 genuine issue of material fact. *Id.* at 1103. The nonmovant "must do more than simply
13 show that there is some metaphysical doubt as to the material facts." *Zenith Radio Corp.*,
14 475 U.S. at 586. Bare assertions alone do not create a material issue of fact, and "[i]f the
15 evidence is merely colorable, or is not significantly probative, summary judgment may be
16 granted." *Anderson*, 477 U.S. at 247–50 (citations omitted).

17 **III.  DISCUSSION**

18       Unum raises a mootness issue that the Court will address before ruling on
19 Goodwin's Motion. Unum contends that Goodwin's breach of contract claim is moot
20 because it reinstated the claim, issued backpay with interest, and continues to pay Goodwin
21 under the terms of the Policy. (*See* Doc. 114 at 9.) In turn, Goodwin contends that the
22 claim is not moot because he is entitled to further relief in the form of attorney fees. (*See*
23 Doc. 126 at 6–7, 11.)

24       Arizona Revised Statute § 12-341.01 permits the successful party in a breach of
25 contract action to recoup its reasonable attorney fees. Specifically, § 12-341.01 provides:

26     A. In any contested action arising out of a contract, express or implied, the
    court may award the successful party reasonable attorney fees.
27
    B. The award of reasonable attorney fees pursuant to this section should be
28     made to mitigate the burden of the expense of litigation to establish a just
    claim or a just defense. It need not equal or relate to the attorney fees actually

      paid or contracted, but the award may not exceed the amount paid or agreed to be paid.

Subsection A provides authorization for the award to a successful party, and subsection B applies once the decision to award fees has been made. *See Assoc. Indem. Corp v. Warner*, 694 P.2d 1181, 1183 (Ariz. 1985).

      Addressing a similar case, the Arizona Court of Appeals held that a breach of contract claim is still contested, and therefore not moot, when a defendant insurer has reinstated and paid a claim, but attorney fees remain at issue. *See Assyia v. State Farm Mut. Auto. Ins.*, 273 P.3d 668, 673 (Ariz. Ct. App. 2012) ("[Defendant] contested [plaintiff's] claim. [Defendant] appeared in the lawsuit by filing an answer that denied liability. Even after the UM balance was paid, the action remained contested."); *see also* Ariz. Rev. Stat. § 12-341.01. Here, Goodwin filed suit against Unum, and Unum denied liability. (*See* Doc. 1; Doc. 11.) Then during litigation, Unum relented, reinstated the claim, and paid Goodwin. (Doc. 104 at 1–2.) Like in *Assyia*, the relief Unum provided Goodwin did not include attorney fees, which remain contested. *See Assyia*, 273 P.3d at 673; (Doc. 114-25 at 8 (Goodwin Deposition).)[3] Thus, the outstanding question regarding attorney fees under § 12-341 keeps Goodwin's breach of contract action contested. *See Assyia*, 273 P.3d at 673. The Court therefore rejects Unum's mootness argument.

      Though Unum's mootness argument fails, Goodwin has not otherwise demonstrated that summary judgment is proper for his breach of contract claim. Here, summary judgment is proper if Goodwin establishes that no material dispute of fact exists regarding (1) the existence of a contract; (2) breach; and (3) resulting damages. *See Graham v.*

---

[3] Unlike *Assiya*, the parties here have not agreed to allow Goodwin to seek award of fees and costs. *See id.* This difference is immaterial, as Goodwin is the successful party with respect to his breach of contract claim is therefore entitled to fees under § 12-341.01. *See Med. Protective Co. v. Pang*, 25 F. Supp. 3d 1232, 1247 (D. Ariz. 2014) ("In Arizona, when a party has accomplished *the result* sought in the litigation, fees should be awarded for time spent even on unsuccessful legal theories." (quotation marks omitted))

*Asbury*, 540 P.2d 656, 657 (Ariz. 1975); *Shue v. Optimer Pharms., Inc.*, No. 3:16-CV-02566-BEN-JLB, 2018 WL 1116567, at *2 (S.D. Cal. Feb. 27, 2018).

Goodwin's Motion simply recounts the facts of the case up and until Unum restored the claim and assumes that Unum's reconsideration and reinstatement establishes the elements of breach of contract. (*See* Doc. 104.) In response, Unum contends that it initially denied the claim based upon the information it had at that time, and that only after being presented with "new" information did it reinstate Goodwin's claim, thereby performing the contract. (Doc. 114 at 2–3, 9–11.) In his Reply, Goodwin offers deposition testimony to support the theory that Unum possessed medical information that would have supported his claim after May 2022. (Doc. 126 at 2–3.) Specially, the deposition shows that Unum's in-house physician did not include Goodwin's nerve injury in the report, and thus subsequent reviewing physicians, like Dr. Grattan, rendered a denial recommendation without the relevant medical information. (Doc. 126 at 2–3.)

Here, the parties do not dispute that a valid contract existed. Therefore, Goodwin must show that no genuine question of fact exists regarding breach and damages. First, considering only the Motion, Goodwin does not offer legal authority or explain how Unum is in breach of the Policy after having reinstated his claim and paid all benefits. (*See* Doc. 104.) Indeed, the portions of the record cited to in the Motion suggest that Unum denied the claim based upon available information before shifting its position to fully perform its end of the bargain. (Doc. 114 at 1.)

In his Reply brief, Goodwin introduces factual evidence to refute Unum's contention that it denied the claim using Goodwin's available medical information. (*See* Doc. 114; Doc. 126.) That evidence ostensibly shows Unum's in-house physician excluded Goodwin's nerve injury from his report despite knowing it existed. (*See* Doc. 126 at 2–4.) As a result, Dr. Grattan did not find Goodwin to be disabled until that injury came to light during litigation. (*See id.*) To the extent the evidence even supports a theory of breach, Goodwin has introduced facts that put at issue whether Unum denied the claim based upon available medical information or purposefully withheld information about the injury to

prevent the reviewing physicians from making a disability finding. In other words, Goodwin has created an issue of fact for the jury, thereby killing his own Motion with factual friendly fire.

With respect to damages, the Arizona Supreme Court recognized that when a breach of contract makes it necessary for a party to incur expenses to defend his interest, costs such as attorney fees ought to be recoverable as damages. *U.S. Fidelity & Guar. Co v. Frohmiller*, 227 P.2d 1007, 1008–09 (Ariz. 1951). The Arizona Court of Appeals has interpreted *Frohmiller* to allow the recovery of attorney fees as damages where a defendant's breach of contract requires the plaintiff to sue a third party. *See Desert Mountain Prop. Ltd. v. Lib. Mut. Fire. Ins.*, 236 P.3d 421, 436 (Ariz. Ct. App. 2010). If this approach applied here, in a suit between the breaching party and the victim of the breach, Goodwin has unquestionably established that such damages exist. (Doc. 126-1 at 16–17 (Goodwin Declaration).) But the Court need not necessarily reach the issue of whether Goodwin's attorney fees are damages because he may be entitled to such an award under § 12-341.01. Therefore, the Court will deny Goodwin's Motion for Partial Summary Judgment. (Doc. 104)

Even without summary judgment, Goodwin may be entitled to attorney fees. *See Assyia*, 273 P.3d at 673. The trial court has substantial discretion to determine who is a successful party. *Fulton Homes Corp. v. BBP Concrete*, 155 P.3d 1090, 1096 (Ariz. Ct. App. 2007) ("An adjudication on the merits is not a prerequisite to recovering attorneys' fees under [§ 12–341.01].") Here, Goodwin could be considered the "successful party" on his breach of contract claim, as he has litigated the claim and gained the relief sought from Unum through the adversarial process. *See Pang*, 25 F. Supp. 3d at 1247; *see also Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1048 (Ariz. 1985), *superseded by statute on other grounds as stated in*, *Zambrano v. M & RC II LLC*, 517 P.3d 1168 (Ariz. 2022).[4] Although, the Court will wait to make any finding regarding fees upon a separate

---

[4] Considering the unique situations of this case, the parties should meet and confer regarding the viability of Goodwin's breach of contract claim.

request from Goodwin.

At bottom, the Court will deny Goodwin's Motion as he failed to carry his burden under Rule 56. As a result, it is unnecessary to consider Unum's Motion to Strike Goodwin's Reply (Doc. 131). The Court will therefore deny as moot Unum's Motion.

## IV.     CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED denying** Plaintiff Scott C. Goodwin's Motion for Partial Summary Judgment (Doc. 104).

**IT IS FURTHER ORDERED denying** as moot Defendant Unum Group's Motion to Strike (Doc. 131).

Dated this 11th day of February, 2025.

Honorable Susan M. Brnovich
United States District Judge